## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY TERRELL LEE,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
AT-1221-18-0208-C-1

DATE: February 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Terrell Lee, Saint Marys, Georgia, pro se.

Elizabeth Moseley, Millington, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of the Board's decision in the underlying individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant raises the following arguments: the administrative judge misconstrued his claims and conflated his appeals; the administrative judge failed to follow the Board's compliance procedures set forth at 5 C.F.R. § 1201.183; and the administrative judge engaged in ex parte communications when she allegedly received bribes from the agency. Compliance Petition for Review (CPFR) File, Tab 3 at 9-15. To support his arguments, the appellant has resubmitted documentation related to the Merit Systems Protection Board's report on due process, his prior Board appeals, and his discrimination complaint. CPFR File, Tab 3 at 19-23, Tab 6 at 11; Compliance File (CF), Tab 14 at 16-18, 23-25. For the first time on review, the appellant has submitted a July 2013 press release from the U.S. Attorney's Office in the District of Columbia.[2] CPFR File, Tab 3 at 16-18.

---

[2] The appellant has failed to explain why he was unable to submit such evidence despite his due diligence prior to when the record before the administrative judge closed. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Nevertheless, as discussed below, we find that such evidence does not warrant a different outcome than that of the compliance initial decision.

After considering the appellant's arguments and documents provided on review, we discern no reason to disturb the compliance initial decision. We acknowledge that the administrative judge's adjudication of the appellant's petition for enforcement was premature at the time the compliance initial decision was issued because the Board had not issued a final decision or order in his IRA appeal. CF, Tab 17, Compliance Initial Decision (CID) at 1-2; *see* 5 C.F.R. § 1201.182(a) (providing that a party may petition the Board for enforcement of a final decision or order issued under the Board's appellate jurisdiction); *cf. Flaherty v. U.S. Postal Service*, 68 M.S.P.R. 637, 638 (1995) (finding that the adjudication of compliance issues would be premature because there was no final order from which a petition for enforcement could be filed). Nevertheless, we find that any error is immaterial to the outcome of this compliance proceeding. Because the Board has issued a Final Order affirming the dismissal of the underlying IRA appeal as untimely filed, the appellant has not been afforded any relief and there is nothing for the Board to enforce. *Lee v. Department of the Army*, MSPB Docket No. AT-1221-18-0208-W-1, Final Order (Feb. 12, 2024). Similarly, we find that the administrative judge's mischaracterization of the disposition of his IRA appeal as dismissed for lack of jurisdiction, instead of as dismissed as untimely filed, is immaterial to the outcome of this compliance proceeding. CID at 2.

Moreover, we deny the appellant's motion for a written transcript of the January 26, 2010 prehearing conference held in his prior removal appeal because it is not relevant to the adjudication of this compliance matter. CPFR File, Tab 6 at 5; CF, Tab 16 at 10-11. Further, we find that the appellant's substantive rights have not been prejudiced by the administrative judge's failure to address his motion. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Finally, we discern no reason to disturb the compliance initial decision based on the appellant's conclusory assertion that the administrative judge engaged in ex parte communications when she allegedly received bribes from the agency. CPFR File, Tab 3 at 13, 15. The appellant's submission of a July 2013 press release from the U.S. Attorney's Office in the District of Columbia concerning a bribery and kickback scheme involving the U.S. Army Corps of Engineers does not lend support to his assertion. *Id.* at 16-18. To the extent the appellant is alleging that the administrative judge's analysis and rulings were biased in favor of the agency, such an argument is unavailing. The Board will not infer bias based on an administrative judge's case-related rulings, *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013), and we find that the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity, *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

Accordingly, we affirm the compliance initial decision denying the appellant's petition for enforcement.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.